## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HEATHER ELIZABETH HAMOOD,
an individual,

                     Plaintiff,

                                          Case No. 2:18-cv-13194

v.                                         Honorable Marianne O. Battani

TRINITY HEALTH CORPORATION, an
Indiana non-profit corporation, INFINITY
PRIMARY CARE, PLLC, a Michigan
professional limited liability company,
ANTHONY VETTRAINO, an individual,
RAKESH PATEL, an individual, and DANIEL
MERAM, an individual, jointly and severally,

                     Defendants.

_____

## DEFENDANTS INFINITY PRIMARY CARE, PLLC AND ANTHONY VETTRAINO'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(c)

       Defendants, Infinity Primary Care, PLLC ("IPC") and Anthony Vettraino (collectively, "Defendants"), by and through their undersigned counsel, submit this Reply Brief simply to re-affirm that summary judgment is appropriate on all counts as Plaintiff has not proffered any admissible evidence that there is a genuine issue as to any material fact.

       **<u>Counts I and II (Title VII)</u>:** Plaintiff wholly failed to address Defendants' argument that the Title VII claims (Counts I and II) are barred.  Because Plaintiff has submitted no evidence that she explicitly filed an EEOC Charge against IPC within 300 days of any alleged discriminatory act (and admitted at her deposition that she did not), these claims should be dismissed as a matter of law.

**Count V (Elliott Larsen Civil Rights Act – Quid Pro Quo):**  Plaintiff clearly and unequivocally admitted at her deposition that Dr. Vettraino never asked her for sex or sexual favors or linked her continuation in the program to any request for sexual favors**.  Ex. I, pp. 313-315.** Despite her unequivocal admission that no sexual favors were requested, Plaintiff now argues that the fact there was no "discussion" of a remediation plan prior to October 25, 2016 (when she allegedly rejected Dr. Vettraino), is evidence of quid pro quo sexual harassment.  This argument has no merit.  Placement on the remediation plan (which as testified to by both Dr. O'Dowd and Susan Greenwood-Clark was an <u>educational</u> tool and not disciplinary – **Ex.B, pp. 153, 154; Ex. V; Ex. C., p. 53**[1]) was due to Plaintiff's own failure of the USMLE Step 3 exam in <u>December</u> for the second time (the State of Michigan required Plaintiff to pass her USMLE Step 3 exam within three attempts to become licensed in the state) and her failure of the inpatient family medicine rotation in <u>mid-November</u> by Dr. Michaels and Dr. Patel (**Ex. M, Ex. N**). **See also, Ex. I, p. 250**. These two events post-dated the October 25, 2016 alleged incident and are clearly legitimate reasons for why Plaintiff was placed on the remediation plan – all independent of Dr. Vettraino. In light of her own testimony and uncontroverted facts regarding placement on a remediation plan (which is not a tangible employment action), Plaintiff has not established a genuine issue of material fact that her submission to or rejection of the proscribed conduct was used as a factor in any tangible employment decision affecting her employment.  *Champion v. Nationwide Security, Inc*. 450 Mich. 702, 708-709, 545 N.W.2d 596 (1996).

---

[1] Placement on the remediation plan is not a tangible employment action sufficient to establish a quid pro quo claim under Michigan law.  *See Plumb v. Abbott Lab.*, 60 F. Supp. 2d 682, 650 (E.D. Mich. 1999) ("a tangible employment action" constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significant different responsibilities or adverse action causing significant change in benefits.)

**Count VI (Elliott Larsen Civil Rights Act – Hostile Work Environment):**  Count VI must be dismissed for the mere fact Plaintiff cannot prove *respondeat superior* liability, a required element of her *prima facie* case.  Plaintiff admitted numerous times at her deposition that she did not provide notice until <u>after</u> her termination from the program.  (See prior **Ex. I, pp. 231, 358-359**).[2]  Although Plaintiff now claims, on page 16 of her Brief, that the parties "would have at least had constrictive [sic] notice of the harassment" she presents <u>no evidence</u> to support this.  From an objective standard, there is no evidence IPC had notice of an alleged hostile work environment and Count VI must be dismissed.

**Count III (Assault and Battery):**  Plaintiff argues this claim should not be dismissed because there is a genuine dispute of material fact as to Dr. Vettraino's intent.[3]  However, the only person who can testify as to Dr. Vettraino's "intent" is Dr. Vettraino.  Plaintiff herself testified she did not know what Dr. Vettraino was intending to communicate through the back exam.  **Ex. I, pp. 224-225**.  Apart from denying he touched Plaintiff's buttocks, Dr. Vettraino clearly testified his intent was educational in nature and to give a back exam (which Plaintiff had no idea how to perform) in order to (1) teach Plaintiff how to do an organized physical exam as this was a

---

[2] Plaintiff states that out of fear, she did not report Dr. Vettraino.  However, failure to report subjective fears of reprisals, standing alone, do not excuse an employee's failure to report.  *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.2d 263 (6th Cir. 2009); *Thornton v. Fed. Express Corp.*, 530 F.3d 451 (6th Cir. 2008).  Further, the online article/blog Plaintiff attached at Exhibit 17 to excuse her failure to report is merely inadmissible hearsay that cannot be considered on summary judgment.  *See Badder v. Schmidt*, 50 F. Supp. 2d 902 (E.D. Mich. 2014) (newspaper article was inadmissible hearsay that could not be used to oppose summary judgment).

[3] Plaintiff suggests the fact Dr. Vettraino entered into a consent order to resolve the licensing complaint she filed against him is evidence of his intent to assault her (see Plaintiff's Ex. 19).  However, the allegations in the First Superseding Complaint (the basis for the Consent Order) only alleged Dr. Vettraino's <u>failure to have a chaperone present</u> during the exam failed to conform to the normal standards of acceptable and prevailing practice for a preceptor and advisor.  Plaintiff's Ex. 19 at ¶¶ 7-8.  There was <u>no finding or determination</u> that Dr. Vettraino's back exam, itself, was inappropriate.

deficiency she had demonstrated in the past; and (2) since she had not been learning or improving her skills from what she was learning in textbooks, that going through the exam and his completing it on her could help imprint the process. **Ex. D, p. 66**. The intent was educational in purpose and there is no evidence to the contrary.[4]

       <u>**Count IV (Intentional Infliction of Emotional Distress)**</u>:   Again, Plaintiff does not address the legal argument that IPC, as Dr. Vettraino's employer, cannot be held liable for his alleged intentional tortious act of assault/battery. *See Salinas v. Genesys Health System*, 263 Mich. App. 315, 688 N.W.2d 112 (2004).  The law is clear on this issue and summary judgment should be granted in IPC's favor.

       Further, as to the claim against Dr. Vettraino, Plaintiff agrees it is for the trial court to initially determine whether Dr. Vettraino's conduct may be regarded as so extreme and outrageous as to permit recovery.   However, Plaintiff's reliance on *Linebaugh v. Sheraton Mich. Corp*. is not persuasive.   Unlike *Linebaugh*, there is no admissible testimony from a "number of co-workers" of any offensive conduct which the *Linebaugh* court specifically noted was considered in its decision.   Rather, all Plaintiff has been able to gather is an <u>inadmissible</u> affidavit from a former medical assistant which includes vague conclusions that Dr. Vettraino was essentially "mean". This Court may properly conclude that, consistent with prior decisions in both Michigan and the District Courts (cited by Defendants in their Brief in Support at p. 13), the alleged conduct would not cause one to exclaim "Outrageous!"  As such, summary judgment is appropriate on Count IV.

---

[4] In support of Count III, Plaintiff attaches an Affidavit of Stacy Askew that is not notarized and as such, this Court cannot consider it on deciding a Motion for Summary Judgment. *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 968-969 (6th Cir. 1991) (in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents).  Regardless, this single affidavit from a former medical assistant who was not present, does not, and under Rule 56 cannot, create a genuine issue of material fact about Dr. Vettraino's intent that day and merely draws conclusory allegations about her own opinions regarding Dr. Vettraino.

## CONCLUSION

For the reasons set forth in Defendants' Motion for Summary Judgment, Brief in Support and this Reply Brief, Plaintiff has not demonstrated there is a genuine issue of material fact regarding her claims. As such, Defendants respectfully request all counts against Infinity Primary Care, PLLC and Dr. Anthony Vettraino be dismissed with prejudice.

Date: February 20, 2020      Respectfully submitted,

         */s/ Heather G. Ptasznik*
         BY: Heather G. Ptasznik (P63344)
         OGLETREE, DEAKINS, NASH, SMOAK
           & STEWART, PLLC
         Attorneys for Defendants Infinity Primary
          Care, PLLC and Dr. Anthony Vettraino
         34977 Woodward Avenue, Suite 300
         Birmingham, MI 48009
         (248) 723-6124
         Heather.Ptasznik@Ogletree.com

## CERTIFICATE OF SERVICE

The undersigned certifies and affirms that on February 20, 2020, I e-filed *Defendants Infinity Primary Care, PLLC and Anthony Vettraino's Reply Brief in Support of Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56(c)* with the Court using the ECF system, which will send a copy of same to all ECF participants registered to receive electronic notice in this matter.

Date: February 20, 2020      Respectfully submitted,

         */s/ Heather G. Ptasznik*
         BY: Heather G. Ptasznik (P63344)
         OGLETREE, DEAKINS, NASH, SMOAK
           & STEWART, PLLC
         Attorneys for Defendants Infinity Primary
          Care, PLLC and Dr. Anthony Vettraino
         34977 Woodward Avenue, Suite 300
         Birmingham, MI 48009
         (248) 723-6124
         Heather.Ptasznik@Ogletree.com

41816178.1